IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------X
ZACHARY GIVEN, KRISTOPHER LAWSON,      :
VINCENT MCCLEERY, and SEAN MCMURRAN,   :
Individually and on Behalf of Other Persons   :
Similarly Situated,                     :
                    Plaintiffs,         :
                                        :
        -against-                       :
                                        :
                                        :
LOVE'S TRAVEL STOPS & COUNTRY           :
STORES, INC.                            :
                                        :
                    Defendant.          :
                                        :
-----------------------------------------------------------X
```

Civil Action No.

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiffs Zachary Given ("Given"), Kristopher Lawson ("Lawson"), Vincent McCleery ("McCleery"), and Sean McMurran ("McMurran") (collectively "Plaintiffs"), individually and on behalf of all other persons similarly situated, file this Collective Action Complaint (the "Complaint") against Defendant, Love's Travel Stops & Country Stores, Inc. ("Love's Travel Stops" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, (hereinafter the "FLSA"), 29 U.S.C. § 201 *et seq.* The following allegations are based on personal knowledge as to Plaintiffs' conduct and are made based on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiffs were employed by Love's Travel Stops as Operations Managers ("OMs").

2.      Plaintiffs allege on behalf of all other OMs and all other persons similarly situated, current and former employees holding comparable positions, employed by Defendant in

the United States, who elect to opt into this action pursuant to the FLSA , that they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

3.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all person who are currently or were formerly employed by the Defendant as OMs and individuals holding comparable salaried positions with different titles employed by Defendant within the United States during the Collective Action Period, which is at any time from July 18, 2014 to the entry of judgments in this case (the "FLSA Collective").

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over the claim of Plaintiffs and the FLSA Collective pursuant to 29 U.S.C. § 216(b) and U.S.C. § 1331.

5.     Defendant is subject to personal jurisdiction in the state of Pennsylvania.

6.     The claims of the Plaintiffs and members of the FLSA Collective involve matters of national and/or interstate interest.

7.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.     This Court is empowered to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. § § 2201 and 2202.

## THE PARTIES

### I.     PLAINTIFFS

9.     Plaintiff Given is an adult individual, residing in Hershey, Pennsylvania.

10.     Plaintiff Given worked for the Defendant as an OM in Love's Travel Stops stores in Middletown, Pennsylvania and Cumberland, Maryland from around February 2014 to December 2015.

11.     Plaintiff Lawson is an adult individual, residing in Noblesville. Indiana.

12.     Plaintiff Lawson worked for the Defendant as an OM in Love's Travel Stops store in Whitestown, Indiana from February 2014 to March 2015.

13.     Plaintiff McCleery is an adult individual, residing in Warren, Ohio.

14.     Plaintiff McCleery worked for the Defendant as an OM in Love's Travel Stops stores in Conneaut, Ohio and Hubbard, Ohio, from September 2015 to July 2016.

15.     Plaintiff McMurran is an adult individual, residing in Roseburg, Oregon.

16.     Plaintiff McMurran worked for the Defendant as an OM in Love's Travel Stops store in Roseburg, Oregon, from August 2008 to October 2015.

17.     At all times relevant, Plaintiffs and all similarly situated OMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Attached hereto as Exhibit "A" are Plaintiffs' Consents to Become Party Plaintiffs in the action.

**II. DEFENDANT**

19.     Upon information and belief, Defendant Love's Travel Stops is an Oklahoma Corporation with its principal place of business located at 10601 N. Pennsylvania Avenue, Oklahoma City, Oklahoma, 73120-4108.

20.     Defendant does business under the name Love's Travel Stops & Country Stores and operates over 420 retail locations throughout 40 (forty) states.[1]

---

[1] https://www.loves.com/en/about-us/loves-family-of-companies.

21.     Defendant Loves Travel Stops has revenue of over 14 Billion Dollars and 15,000 employees. [2]

22.     At all times relevant, Defendant Love's Travel Stops was and still is doing business at their retail locations in Pennsylvania.

23.     At all times relevant, Defendant employs/employed Plaintiffs and other similarly situated current and former OMs at Love's Travel Stops locations.

24.     At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25.     At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26.     At all times relevant, Defendant was and still is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

27.     Defendant has a gross volume of sales made or business done of not less than $500,000.00.

## COMMON FACTUAL ALLEGATIONS

28.     Defendant issued paychecks to the Plaintiffs and the Collective Members.

29.     Defendant paid the Plaintiffs and the Collective Members on a salary basis and Defendant did not pay overtime wages to the Plaintiffs and the Collective Members.

---

[2] https://www.forbes.com/companies/loves-travel-stops-country-stores/

30.     Defendant directed the work of Plaintiffs and the Collective Members and directly benefited, suffered or permitted the work they performed.

31.     Defendant did not pay Plaintiffs and the Collective Members overtime wages for hours they worked in excess of forty (40) hours in a workweek.

32.     Defendant did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for their benefit in excess of forty (40) hours in a workweek.

33.     Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

34.     Pursuant to Defendant's policy, pattern and or practice, Defendant did not pay Plaintiffs and the Collective Members proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

35.     Defendant issued paychecks to Plaintiffs, and all other persons similarly situated, current and former OMs, and or employees holding comparable positions but different titles (the "Collective Members") in Love's Travel Stops stores.

36.     Defendant directed the work of Plaintiffs and the Collective Members.

37.     Defendant directed the work of Plaintiffs, and all similarly situated current and former OMs, and or employees holding comparable positions but different titles (the "Collective Members") in Love's Travel Stops stores.

38.     Defendant directed the work of Plaintiffs and the Collective Members, and benefited from the work they performed.

## COMMON COLLECTIVE ALLEGATIONS

39.     Defendant employed Plaintiffs and the Collective Members as Oms.

40.     Defendant maintains control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs and Collective Members.

41.     Plaintiffs' and the Collective Members work as OMs was integral to and performed during the normal course of Defendant's business.

42.     Plaintiffs and the Collective Members regularly worked in excess of forty (40) hours per workweek without being paid overtime wages, in violation of the FLSA.

43.     Plaintiff Given worked approximately sixty (60) to sixty-five (65) hours per week during each week in which he worked five (5) or more shifts, and was not paid overtime compensation for the hours he worked in excess of forty (40) hours per workweek. For example, during the week of October 25, 2015 through October 31, 2015, Given worked approximately sixty-five (65) hours.

44.     Plaintiff Lawson worked an approximately sixty (60) to sixty-five (65) hours per week during each week in which he worked four (4) or more shifts, and was not paid overtime compensation for the hours he worked in excess of forty (40) hours per workweek. For example, during the week of March 15, 2016 through March 21, 2016, Lawson worked approximately sixty-five (65) hours.

45.     Plaintiff McCleery worked approximately sixty (60) to sixty-five (65) hours per week during each week in which she worked five (5) or more shifts, and was not paid overtime compensation for the hours he worked in excess of forty (40) hours per workweek. For example, during the week of April 10, 2016 through April 16, 2016, McCleery worked approximately sixty five (65) hours.

46.     Plaintiff McMurran worked an approximately sixty (60) to sixty-five (65) hours per week during each week in which he worked five (5) or more shifts, and was not paid overtime compensation for the hours he worked in excess of forty (40) hours per workweek.  For example, during the week of September 13, 2015 through September 19, 2015, McMurran worked approximately sixty (60) hours.

47.     The number of shifts Plaintiffs and the Collective Members were scheduled to work per week can be ascertained from Defendant's records.

48.     Love's Travel Stops assigned all the work that Plaintiffs and the Collective Members performed.

49.     The work of the Plaintiffs and the Collective Members required little skill and no capital investment.

50.     The work required of the Plaintiffs and the Collective Members did not include managerial responsibilities.

51.     The work required of the Plaintiffs and the Collective Members did not include the exercise of meaningful independent judgment and discretion concerning matters of significance.

52.     Plaintiffs and the members of the Collective worked in excess of forty (40) hours per workweek.

53.     Plaintiffs and the members of the Collective worked in excess of forty (40) hours per workweek, without receiving overtime compensation.

54.     Plaintiffs and the Collective Members worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

55.     Plaintiffs and the Collective Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives, unpacking merchandise, and unloading trucks.

56.     Throughout the Collective Action Period, the primary job duties of Plaintiffs and the Collective Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

57.     The primary job duties of Plaintiffs and the Collective Members did not materially differ from the duties of non-exempt hourly paid employees.

58.     The primary duties of Plaintiffs and the Collective Members were manual in nature.

59.     The Plaintiffs and the Collective Members performance of manual labor and non-exempt duties occupied the majority of Plaintiffs and the Collective Members' working hours.

60.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Love's Travel Stops Classified all OMs and the Collective Members, as exempt from coverage of the overtime provisions of the applicable state laws.

61.     Love's Travel Stops did not perform a person-by-person analysis of the job duties of the Collective Members when making the decision to Classify all of them uniformly as exempt.

62.     Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and the Collective Members worked.

63.     Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

64.     Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and Collective Members (who were not paid overtime) to work more than forty (40) hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

65.     Defendant acted willfully and knew by virtue of the fact that its Store Managers and or its District Managers (as its authorized agents) actually saw Plaintiffs and the Collective Members perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

66.     As an experienced and practical retailer operating over 420 stores in 40 states, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and the Collective Members were not performing activities that would suffice to make their actual job duties comply with any overtime exemption.

67.     Defendant was, or should have been, aware that state laws required them to pay employees performing primarily non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

68.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA , and/or all supporting regulations, with respect to Plaintiffs and the Collective Members. This policy, pattern, and practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind

of work that Plaintiffs and the Collective Members were and have been performing; thus,

Defendant has been:

   a.  willfully misclassifying Plaintiffs and the Collective Members as exempt from the
       overtime requirements of the FLSA , and/or all supporting regulations, and/or all
       supporting regulations;

   b.  willfully failing to pay Plaintiffs and the Collective Members overtime wages for
       hours they worked in excess of (40) forty hours per week; and

   c.  willfully failing to provide enough money in its store-level labor budgets for its
       non-exempt employees to perform their duties and responsibilities, forcing its
       exempt OMs to perform such non-exempt tasks.

69.     Defendant's willful violations of the FLSA, the and/or all supporting regulations
are further demonstrated by the fact that, during the Collective Action Period and continuing,
Defendant failed to maintain accurate and sufficient time records for Plaintiffs and the Collective
Members.

70.     Defendant acted recklessly or in willful disregard of FLSA, by instituting a policy
and practice that did not allow Plaintiffs and the Collective Members to record all hours worked.

71.     Due to the foregoing, Defendant's failure to pay overtime wages for work
performed by Plaintiffs and the Collective Members in excess of forty (40) hours per workweek
was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

72.     Defendant is liable under FLSA for, *inter alia*, failing to pay proper overtime
wages to Plaintiffs and the members of the FLSA Collective.

73.     There are numerous similarly situated current and former OMs who have not been
paid proper overtime wages in violation of the FLSA and who would benefit from the issuance
of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be
sent to the collective Action Members pursuant to 29 U.S.C. § 216(b).

74.     The similarly situated employed are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiffs and All Collective Action Members)

75.     Plaintiffs, on behalf of themselves and the FLSA Collective , reallege and incorporate by reference paragraphs 1 through 74 as if set forth again herein.

76.     At all relevant times and continuing to the present, Defendant has a policy and practice of refusing to pay overtime compensation Plaintiffs and the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

77.     As a result of Defendant's willful failure to compensate Plaintiffs and the FLSA Collective for overtime wages worked, Defendant has violated and, continues to violate, the FLSA.

78.     Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

79.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

80.     Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the FLSA Collective, Defendant's actual knowledge, through its Store Managers and District

Managers that the primary duties of Plaintiffs and the FLSA Collective were manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiffs' and the FLSA Collectives' job duties to ensure that they were performing exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiffs and the FLSA Collective to record all hours worked, and Defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew and or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

81.     As a result of Defendant's FLSA violations, Plaintiffs and the FLSA Collective are entitled to (a) recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and the Collective Members Collective are entitled to and pray for the following relief:

A. Designation of this action as an FLSA collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling for the statute of limitations;

B. A declaratory judgment that the practices complained of are unlawful under the FLSA;

C. An award of unpaid wages for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay under FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

D. An award of liquidated, and punitive damages, where applicable as a result of Love's willful failure to pay for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216.

E. An aware of damages representing the employer's state of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

F. An injunction against the Defendant and its officer, agents, successors, employees, representative and any and all person acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of prejudgment and post-judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees and an award of a service payment to Plaintiffs; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs and the Collective Members demand a trial

by jury on all questions of fact raised by the Complaint.

Dated: July 18, 2017

Respectfully submitted,

David S. Senoff
ANAPOLWEISS
One Logan Square
130 N. 18th Street
Suite 1600
Philadelphia, PA 19103
(215) 735-1130
dsenoff@anapolweiss.com

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

Gregg I. Shavitz
E-mail: gshavitz@shavitzlaw.com
Susan H. Stern
E-mail: sstern@shavitzlaw.com
Paolo C. Meireles
E-mail: pmeireles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*pro hac vice* application forth coming