# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY GIVEN, KRISTOPHER LAWSON, VINCENT MCCLEERY, and SEAN MCMURRAN**, individually and on behalf of other persons similarly situated, | : : : : : : | **CIVIL ACTION NO. 1:17-CV-1266**<br><br>(Chief Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.**, | : : : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 16th day of February, 2018, upon consideration of plaintiffs' motion (Doc. 34) for conditional certification pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, wherein plaintiffs seek the court's conditional certification of an FLSA collective action consisting of all operations managers employed by defendant on or after July 18, 2014, (Doc. 33 at 14-17; Doc. 33-17 at 1), and court-authorized notice of the collective action to said operations managers, (Doc. 33 at 17-18; Doc. 33-17 at 1-7), and further upon consideration of defendant's opposition (Doc. 44), wherein defendant responds that plaintiffs have not met their burden for conditional certification of a nationwide FLSA collective action, (id. at 14-29), and that conditional certification of and required notice to more than 1,900 operations managers would cause defendant substantial harm, (id. at 29-31), and following oral argument on February 15, 2018 with counsel of record in the above-captioned case, and it appearing that certification of a plaintiff's

collective action on behalf of "other employees similarly situated" pursuant to 29 U.S.C. § 216(b), proceeds in two steps: (1) conditional certification and (2) final certification, Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 535-36 (3d Cir. 2012), and that at step one, plaintiffs must make a "modest factual showing" that the putative opt-in employees may be provisionally categorized as similarly situated to the named plaintiffs, id. at 536 n.4 (quoting Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192-93 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013)); see also Rocha v. Gateway Funding Diversified Mortg. Servs., L.P., No. 15-482, 2016 WL 3077936, at *3 (E.D. Pa. Jun. 1, 2016), for the purpose of "facilitat[ing] the sending of notice to potential class members" and the conducting of pretrial discovery, id. at 536 (quoting Symczyk, 656 F.3d at 194), and it further appearing that the court may set the parameters of such notice to putative opt-in collective action members, Hodzic v. Fedex Package Sys., Inc., No. 15-956, 2016 WL 6248078, at *9 (W.D. Pa. Oct. 26, 2016); see also Hoffmann-La Roche v. Sperling, 493 U.S. 165, 172 (1989), and the court observing that plaintiffs' step one burden is a "fairly lenient standard,"[1]

---

[1] Defendant entreats the court to apply a "more searching standard of review" because some discovery occurred prior to the filing of plaintiffs' motion (Doc. 34) for conditional certification. (See Doc. 44 at 21-22). Defendant relies primarily on Sloane v. Gulf Interstate Field Services, Inc., No. 4:16-CV-01571, 2017 WL 1105236, (M.D. Pa. Mar. 24, 2017), for this proposition. Assuming *arguendo* that the Third Circuit would endorse such an intermediate standard, the posture of Sloane is distinguishable from the instant case. In Sloane, plaintiffs engaged in significant discovery for three years spanning two related civil actions. Id. at *7-10; see also Wang v. Chapei LLC, No. 15-2950, 2017 WL 3584199, at *2 (D.N.J. Aug. 18, 2017) (Plaintiffs moved a second time for conditional certification near the close of fact discovery.). Plaintiffs' motion (Doc. 34) was filed less than three months after commencement of this case before any meaningful discovery took place and further discovery has been stayed since January 26, 2018. (See Docs. 34, 55). Hence, we find application of a higher step-one burden to be inappropriate in this case.

2

Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013) (quoting Zavala, 691 F.3d at 536 & n.4), requiring the production of "some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy" affected the named plaintiffs and those asserted to be similarly situated, Zavala, 691 F.3d at 536 n.4 (quoting Symczyk, 656 F.3d at 193 (citations and quotations omitted)), and the court finding that the plaintiffs have produced sufficient evidence that the putative opt-in employees may be similarly situated to justify granting conditional certification, to wit: (1) the existence of a company-wide store operations manual which subjects all operations managers to uniform policies and procedures, training protocols, and pay practices, (see Doc. 33-14); (2) the uniformly applicable job description of an operations manager detailing the supervisory and managerial responsibilities purportedly assigned to said operations managers,[2] (see Doc. 33-15); (3) declarations by twelve operations managers, including plaintiffs, who aver that approximately 90 percent of their work consisted of manual labor tasks rather than managerial or supervisory activity,[3] (see Docs.

---

[2] Defendant attempts to draw the court into a merits review by advancing arguments as to the proper application of FLSA exemptions. (See Doc. 44 at 15-16). Consideration of the merits of plaintiffs' claims is reserved for the step-two inquiry. Cambridge v. Sheetz, Inc., No 1:17-CV-1649, Doc. 41 at 5-6 (M.D. Pa. Feb. 13, 2018); Waltz v. Aveda Transportation & Energy Servs. Inc., No. 4:16-CV-00469, 2016 WL 7440267, at *4 n.39 (M.D. Pa. Dec. 27, 2016) (citing Neal v. Air Drilling Assoc., Inc., No. 3:14-CV-1104, 2015 WL 225432, at *3 (M.D. Pa. Jan. 16, 2015)).

[3] Defendant proffers the declarations of 28 operations managers to refute plaintiffs' claims in support of conditional certification. (Doc. 42-3 at 42-124; Doc. 42-4 at 1-96). Plaintiffs correctly note that a detailed analysis of whether each operations manager (particularly current managers handpicked by defendant) is similarly situated should not be undertaken at the conditional certification stage. Depalma v. Scotts Co. LLC, No. 13-CV-7740, 2016 WL 7206151, at *3 (D.N.J. Mar. 31,

33-2 through 33-13); (4) declarations stating that operations managers were classified as exempt under the FLSA, paid a salary, regularly worked 60 hours or more per week, and received no overtime pay for hours worked in excess of 40 per workweek,[4] (see Docs. 33-2 through 33-13); (5) declarations stating that defendant treats all operations managers similarly across stores with regard to pay structure, exempt classification, and job function,[5] (see, e.g., Docs. 33-2 through 33-13), and the court concluding that the evidence presented by plaintiffs, including twelve declarants across 10 states and twenty-five stores, is sufficient to warrant conditional certification of a nationwide collective action, see Cambridge, Doc. 41 at 4-6, it is hereby ORDERED that:

---

2016) (citing Goodman v. Burlington Coat Factory, No. 11-4395, 2012 WL 5944000, at *6 (D.N.J. Nov. 20, 2012)); see also Jacob v. Duane Reade, Inc., No. 11-CV-0160, 2012 WL 260230, at *7 (S.D.N.Y. Jan. 27, 2012). Defendant also avers that plaintiffs are poor representatives of the collective action because they exhibit "character flaws" and may be subject to impeachment at trial. (See Doc. 44 at 4-6, 31-32; see Doc. 59-1 at 3). These credibility determinations fall outside the scope of relevant evidence at the conditional certification stage. Goldstein v. Children's Hosp. of Phila., No. 10-1190, 2013 WL 664174, at *4 (E.D. Pa. Feb. 25, 2013) (citation omitted).

[4] Defendant does not dispute that plaintiffs were not paid overtime compensation and classified as exempt. (Doc. 23 at 19 ¶¶ 1-3).

[5] Defendant contends that the twelve declarants lack firsthand knowledge of operations managers apart from the stores in which they worked. (Doc. 44 at 22-23). Several declarants state that their knowledge derives from discussions with other operations managers on phone calls, at company meetings, and during visits to other stores. (See, e.g., Doc. 33-3 ¶ 7; Doc. 33-4 ¶ 6; Doc. 33-5 ¶ 7; Doc. 33-6 ¶ 7). Moreover, the twelve declarants represent 10 states and have worked in 25 stores. (See Docs. 33-2 through 33-13). We find this breadth of representation sufficient to warrant conditionally certifying a nationwide collective action. See Meals v. Keane Frac GP LLC, No. CV 16-1674, 2017 WL 2445199, at *5 (W.D. Pa. June 6, 2017) (quoting Rocha, 2016 WL 3077936, at *8).

4

1. The motion (Doc. 34) for conditional certification is GRANTED.

2. The court will approve the issuance of a notice which includes the following description of the proposed class:

    All individuals who (1) were employed as operations managers by Love's Travel Stops & Country Stores, Inc. at any location within the United States at any time dating three years back from the date of this order[6]; (2) were classified as exempt employees and did not receive overtime compensation for hours worked in excess of 40 per workweek; (3) and worked more than 40 hours per workweek during that timeframe.

3. The court notes that the provision of social security numbers and telephone numbers is unnecessary to accomplish effective notice to potential opt-in plaintiffs. The court will not require the posting of the collective action notice in employee-only spaces such as breakrooms or the inclusion of said notice in employees' pay envelopes.[7] Subject to these limitations, and with plaintiffs' draft notice (Doc. 33-17) as the foundation for discussions, the parties are DIRECTED to meet and confer to finalize the content and form of the notice in accordance with this order. The parties shall submit a joint proposal on or before **Thursday, March 1, 2018**.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[6] See Gervasio v. Wawa Inc., No. 17-CV-245, 2018 WL 385189, at *5 & n.1 (D.N.J. Jan. 11, 2018) (citing 29 U.S.C. §§ 255(a), 256(b)).

[7] See Cambridge, Doc. 41 at 6-7 (quoting Vargas v. Gen. Nutrition Centers, Inc., No. 2:10-CV-867, 2012 WL 5336166, at *13 (W.D. Pa. Oct. 26, 2012)).