# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY GIVEN, KRISTOPHER LAWSON, VINCENT MCCLEERY, and SEAN MCMURRAN, individually and on behalf of other persons similarly situated, | : CIVIL ACTION NO. 1:17-CV-1266 <br> : <br> : (Chief Judge Conner) <br> : <br> : |
| **Plaintiffs** | : |
| v. | : |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., | : <br> : |
| **Defendant** | : |

## MEMORANDUM

Plaintiffs commenced this action against their former employer asserting a claim for unpaid overtime wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1). Defendant Love's Travel Stops & Country Stores, Inc. ("Love's") moves for sanctions against plaintiff Zachary Given ("Given") pursuant to Federal Rule of Civil Procedure 37. (Doc. 63).

## I. Factual Background & Procedural History[1]

Love's operates retail travel stops throughout forty states. (Doc. 1 ¶¶ 19-20). Plaintiffs worked as operations managers at various Love's locations between 2008 and 2016. (Id. ¶¶ 9-16). They allege that Love's misclassifies operations managers as exempt employees and therefore fails to pay operations managers overtime wages for hours worked in excess of forty per workweek. (Id. ¶¶ 54, 60, 67).

---

[1] The above factual narrative derives primarily from the parties' briefing and attendant exhibits. (Docs. 63, 67, 80, 107, 108).

Plaintiffs bring an FLSA collective action claim on behalf of all similarly situated Love's operations managers. (Id. ¶¶ 72-81). Plaintiffs moved for conditional certification of their putative collective action pursuant to 29 U.S.C. § 216(b). The court granted the motion and the matter is presently proceeding as a conditionally certified FLSA collective action.

Discovery commenced in early fall 2017. Defense counsel emailed proposed deposition dates for all named plaintiffs on November 2, 2017. (Doc. 63-2 at 90). Given provided objections and responses to Love's interrogatories and document requests, but the parties were unable to settle on a mutually agreeable date for Given's deposition. (Id. at 58-70, 72-88, 111). On December 4, 2017, Love's noticed Given's deposition for December 28, 2017. (Id. at 98-99). Plaintiffs' counsel sought to reschedule Given's deposition for January 4 or 9, 2018 and requested 17 days' notice so Given could clear the date with his employer. (Id. at 102-03). On December 18, 2018, defense counsel selected January 4, 2018 as Given's new deposition date. (Id. at 105).

Plaintiffs' counsel notified defense counsel Matthew Hank ("Attorney Hank") that Given's January 4 deposition would need to be rescheduled "due to the holiday." (Id. at 107). The cancellation notice was one sentence located in one of seven PDFs attached to a December 28, 2017 email. (Id. at 107, 111). Attorney Hank received this email on January 3, 2018 when he returned from vacation. (Id. at 111). He alleges that plaintiffs' counsel failed to carbon copy Love's other counsel on the email, effectively providing Love's only one day's notice of the need to reschedule. (Id.) For this reason, and because Love's manager of risk, Larry Dixon ("Dixon"),

2

was already in transit from Oklahoma City, Oklahoma to Philadelphia, Pennsylvania for the deposition when Attorney Hank read the email, Attorney Hank declined to adjourn Given's January 4 deposition. (Id. at 112; Doc. 107 ¶¶ 2-5). Plaintiffs' counsel responded that Given is in the military which "impacts scheduling and communication with [him]." (Doc. 63-2 at 110).

At a telephonic discovery conference on January 3, 2018 before Magistrate Judge Martin C. Carlson, Judge Carlson instructed plaintiffs' counsel to ascertain Given's whereabouts by close of business. (See id. at 115). Judge Carlson further directed that the deposition should go forward as previously scheduled if Given was located in the Middle District of Pennsylvania or otherwise immediately accessible. (See id. at 119). Plaintiffs' counsels were unable to locate Given for his January 4 deposition, and Attorney Hank proposed three additional dates by email. (Id.) On January 9, 2018, plaintiffs' counsel reported that they "ha[d] not yet heard back from [Given] regarding new dates," but agreed to schedule the deposition for January 29, 2018. (Id. at 125, 133-34; see also id. at 138). Five days before the rescheduled deposition date, plaintiffs' counsel confirmed that they were "unable to produce Mr. Given" for his deposition. (Id. at 142). The court conducted a telephonic discovery conference on January 26, 2018, during which the parties discussed, *inter alia*, Given's repeated failure to appear.

Love's moved for sanctions against Given pursuant to Federal Rule of Civil Procedure 37. Shortly thereafter, plaintiffs' counsel moved to withdraw as counsel for Given. The court granted counsel's motion, provided Given 30 days to express his intent to proceed in this action, and admonished Given that failure to respond

3

may result in dismissal of his claim. Given has not responded to the court's order. He also has not replied to Love's motion for sanctions, but plaintiffs' counsel filed a brief in opposition to sanctions against them and representing the interests of the conditionally certified collective action members.

## II. Legal Standard

Rules 26 through 37 of the Federal Rules of Civil Procedure govern the process of fact discovery for federal civil litigation. Upon motion by an opposing party, the court may impose sanctions on a party who fails to appear for that party's own deposition. FED. R. CIV. P. 37(d)(1)(A)(i). Rule 37(d) incorporates the sanctions listed in Rule 37(b)(2)(A). FED. R. CIV. P. 37(d)(3). Such sanctions may include, *inter alia*, prohibiting a party from proceeding with or defending against a claim, dismissal of the action in whole or in part, or entry of default judgment against the noncompliant party. FED. R. CIV. P. 37(b)(2)(A)(i)-(vii). Alternatively, or in addition to the enumerated sanctions in Rule 37(b)(2)(A), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." FED. R. CIV. P. 37(d)(3).

## III. Discussion

Love's avers that Given's discovery violations warrant sanctions under Rule 37. Specifically, Love's seeks dismissal of Given from this action, an award of costs and fees associated with preparation for Given's deposition, an award of costs and fees for preparation of the instant motion for sanctions, and an order striking

4

Given's declaration in support of plaintiffs' motion for conditional certification.[2] The court will address Love's requests *seriatim*.

### A. Dismissal

Love's argues that Given should be dismissed from the case for failing to appear at his deposition and for providing deficient responses to its interrogatories and document requests. Dismissal with prejudice is a "drastic sanction[]." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984). When a party requests dismissal under Rule 37, the following factors guide the court's evaluation of the appropriateness of dismissal:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. The court must consider and balance "*all six* of the factors" before ordering dismissal. United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003) (citation omitted). Doubts should be resolved "in favor of adjudication on the merits." Id.

#### 1. *Personal Responsibility*

Love's contends that blame for Given's repeated failure to appear for his deposition rests with Given himself. (Doc. 67 at 18). We agree. Plaintiffs' attorneys

---

[2] The court granted plaintiffs' motion for conditional certification on February 16, 2018. (Doc. 68). Accordingly, we will deny Love's request to strike Given's declaration in support thereof as moot.

5

have continually attempted to contact Given since December 2017 to no avail. (See Doc. 80 ¶¶ 4-10, 15; see also Doc. 76 ¶¶ 2-5). To date, Given has not responded to any of his attorneys' repeated attempts to contact him. (Doc. 63-2 at 90). On March 9, 2018, plaintiffs' counsel represented that they could not "effectively represent Given due to his failure to respond to [their] communications," (Doc. 76 ¶ 5), and the court granted their motion to withdraw as counsel, (Doc. 78 at 2).

Plaintiffs' counsel aver that Given is an active member of the United States military and speculate that this may explain his lack of communication. (Doc. 80 ¶ 8). We are sympathetic to the demands of military service; however, Given was obligated to inform his attorneys of any change in his duty status, location, and best means of communication. He was also given approximately 5 months within which to respond to a variety of communications and court orders. He entered this litigation voluntarily. Hence, we find that Given bears sole responsibility for the breakdown in communication with counsel and subsequent failure to attend his own deposition.

### 2. *Prejudice*

Conduct is "sufficiently prejudicial" when it impedes a party's "ability to prepare effectively a full and complete trial strategy." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). Prejudice need not be "irremediable harm." Ware, 322 F.3d at 222. A plaintiff's conduct may be prejudicial to a defendant if it evinces a "lack of cooperation . . . in areas where the plaintiff should cooperate under the spirit of the federal procedural rules." See Poulis, 747 F.2d at 868 (citation omitted). Spending

6

time and resources preparing for unattended depositions prejudices the party attempting to take the deposition. Cullen v. Dabin Trucking, Inc., No. 3:15-CV-140, 2016 WL 7391042, at *2 (M.D. Pa. Dec. 21, 2016) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)); see also Huertas v. City of Philadelphia, 139 F. App'x 444, 446 (3d Cir. 2005) (nonprecedential).[3]

Defense counsel diligently attempted to schedule Given's deposition for several months. (See, e.g., Doc. 63-2 at 105, 111, 119). Plaintiffs' counsel cancelled the initial deposition date one week in advance, and defense counsel only became aware of the cancellation the day before. (Id. at 107, 111). Defense counsel thus prepared for a deposition they believed would occur. Moreover, Given's prolonged absence effectively removes him from participation in discovery more broadly, depriving Love's of the opportunity to obtain information valuable to its defense and clarification of Given's allegedly deficient discovery responses. The harm is compounded as Love's now prepares to defend against a forthcoming motion for final certification of a nationwide collective action without complete discovery from a named plaintiff. We find Given's conduct to be prejudicial to Love's.

### 3. *History of Dilatoriness*

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted). Failure to appear for depositions despite

---

[3] The court acknowledges that Huertas is a nonprecedential decision. Nonetheless, the court has considered the panel's *ratio decidendi* and is persuaded by the same.

7

receiving adequate notice establishes a pattern of dilatory conduct. Huertas, 139 F. App'x at 446. Plaintiff Given failed to appear for three separately noticed depositions, necessitating two discovery conferences with the court and an order directing his appearance. (Doc. 63-2 at 102-03, 107, 111, 115, 142). Approximately five months have elapsed since plaintiffs' counsel last communicated with Given. (See Doc. 76 ¶ 2). Given's history of dilatoriness militates in favor of dismissal.

### 4. *Willful or Bad Faith Conduct*

A party's conduct supports dismissal when it is "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Briscoe, 538 F.3d at 262 (quoting Adams, 29 F.3d at 875). Willfulness generally involves "intentional or self-serving behavior." Id. (quoting Adams, 29 F.3d at 875). However, conduct that is merely negligent or inadvertent does not qualify as contumacious. Id. (citing Poulis, 747 F.2d at 868-69). Given acted negligently in forgetting to inform his attorneys of his status, whereabouts, and contact information. His omissions, although prejudicial to Love's, were likely inadvertent. This factor does not weigh in favor of dismissal.

### 5. *Alternative Sanctions*

Rule 37(d) allows the court to impose sanctions on a party for failing to appear at that party's own deposition. FED. R. CIV. P. 37(d)(1)(A)(i), (d)(3). This litigation is currently proceeding through a 60-day notice period to ascertain the scope of the putative collective action. (See Doc. 83 ¶ 3). Imposition of sanctions other than dismissal of Given's claim may undeservedly and negatively impact the other named plaintiffs and numerous opt-in collective action members. Moreover,

Given's complete and prolonged absence from the case renders any such sanctions ineffective and moot.

### 6. *Claim Merit*

A claim or defense is meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff[s] or would constitute a complete defense." Poulis, 747 F.2d at 869-70. A claim has been found meritorious when it has withstood a motion to dismiss. Drozd v. Padron, No. 3:13-CV-2523, 2015 WL 507167, at *10 (M.D. Pa. Feb. 6, 2015) (citing Ware, 322 F.3d at 222). Plaintiffs set forth sufficient evidence to achieve conditional certification of their putative collective action. (See Doc. 68). The notice period has not yet elapsed, and the court cannot further ascertain the merit of the FLSA collective action claim in the absence of a ripe motion for final certification or for summary judgment. Therefore, this factor weighs against dismissal.

### 7. *Balance of the Six Factors*

The Poulis factors on balance favor dismissal. Given's conduct evinces a pattern of dilatoriness and has prejudiced Love's. Given is personally responsible for neglecting to provide up-to-date contact information to his counsel and bears the blame for failing to appear at multiple noticed depositions. Sanctions apart from dismissal of Given's FLSA claim will not be effective. These four factors far outweigh the meritorious nature of plaintiffs' FLSA claim and the absence of willful or bad faith conduct. We conclude that the sanction of dismissal is appropriate as against Given.

9

**B.     Costs and Fees**

When a court decides to impose sanctions pursuant to Rule 37(d)(1)(A)(i), Rule 37(d)(3) requires the court to order the offending party or its attorney to pay reasonable expenses, including attorney's fees, caused by the offending party's conduct. FED. R. CIV. P. 37(d)(3); Spellman v. Am. Eagle Exp., Inc., No. 2:10-CV-01764, 2012 WL 1719204, at *1 (E.D. Pa. May 16, 2012). The court may decline to award costs and fees if the sanctioned conduct was "substantially justified or other circumstances make the award of expenses unjust." FED. R. CIV. P. 37(d)(3). Given did not engage in willful or bad faith conduct and his attorneys took all reasonable steps to resume contact with him over the last five months. We find an award of attorney's fees associated with scheduling and preparing for Given's deposition and the filing of the instant motion for sanctions to be inappropriate and unjust under the circumstances.

Love's also seeks reimbursement for $1,028.68 in out-of-pocket costs incurred by Love's manager of risk, Dixon, who traveled from Oklahoma City, Oklahoma to Philadelphia, Pennsylvania to attend Given's January 4, 2018 deposition. (Doc. 67 at 20; Doc. 107 ¶¶ 3-4). Plaintiffs' counsel rejoins that defense counsel had seven days' notice that the deposition needed to be rescheduled and subsequently failed to take appropriate action to avoid incurring costs. (Doc. 108 ¶ 2; Doc. 63-2 at 107, 111). Attorney Hank represented to the court that notice of the cancellation was contained in one of seven PDFs attached to an email that was sent only to him. (Doc. 63-2 at 111). Plaintiffs' counsel purportedly omitted other defense counsel from the email, and Attorney Hank reviewed the email for the first time on

January 3, 2018 following a week-long vacation.  (Id.)  Plaintiffs' counsel does not adequately explain this omission.  (See Doc. 107 at 9; see also Doc. 108).  Moreover, Judge Carlson directed that the January 4 deposition go forward as scheduled if Given was located in the Middle District of Pennsylvania or otherwise immediately accessible.  Based upon a careful review of all of these matters, we find these circumstances to warrant an award of costs associated with Dixon's travel to and from Philadelphia, Pennsylvania for Given's January 4, 2018 deposition.

## IV. Conclusion

For the foregoing reasons, the court will grant in part and deny in part Love's motion (Doc. 63) for sanctions.  An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    May 22, 2018