

Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321

Matthew J. Hank
267.402.3054 direct
267.402.3000 main
mhank@littler.com

June 21, 2018



## VIA FACSIMILE ONLY (717.221.3949)

Honorable Christopher C. Conner
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

**Re:** *Zachary Given, et al. v. Love's Travel Stops & Country Stores, Inc.*
**Docket No.: 1:17-cv-01266-CCC**

Dear Chief Judge Conner:

Pursuant to Your Honor's Case Management Order dated September 21, 2017, we write to request the Court's assistance in resolving a discovery dispute arising from Plaintiffs' counsel's refusal to schedule the depositions of Named Plaintiffs Sean McMurran and Kristopher Lawson.

Love's has been attempting to schedule these depositions since November 2, 2017. (*See* ECF 57.) As Your Honor is aware, the parties reached an impasse on this issue and other discovery disputes in late January 2018, which culminated in Your Honor issuing an Order on January 26, 2018 staying depositions in this matter pending the Court's decision on conditional certification. (ECF 55.)

Nearly two months after that decision was issued (ECF 68), we revived our attempts to schedule Mr. McMurran's and Mr. Lawson's depositions. On April 10, 2018, we again emailed Plaintiffs' counsel asking for their availability to hold the depositions. (Exh. A.) After receiving no response, we followed up via telephone and email on April 18. (*Id.*) We followed up a *third* time via email on April 25, 2018, again asking that counsel provide us with their availability. (*Id.*)

Plaintiffs' counsel, Mark Hepworth, responded the same day. Mr. Hepworth stated that Plaintiffs would not schedule the depositions until "the close of the optin (sic) period and the entering of the second phase order approved by the court and exchange of ESI and discovery for the named plaintiffs . . . ." (*Id.*) Mr. Hepworth emphasized that scheduling the depositions would "of course [be] contingent upon [Plaintiffs] receiving

Honorable Christopher C. Conner
June 21, 2018
Page 2

[their] discovery that [they] will be requesting." (*Id.*) The opt-in period closed on May 25, 2018, and the parties submitted their proposed discovery management order to the Court on June 6, 2018. (ECF 127.)

On June 4, 2018, we reiterated our request to schedule Mr. McMurran's and Mr. Lawson's depositions. (Exh. B.) After receiving no response, on June 11, 2018, we contacted Plaintiffs' counsel again via email. (Exh. C.) Mr. Hepworth replied: "WE ARE NOT PRODUCING THESE WITNESSES until the second phase order is issued by the judge AND discovery has been received as it pertains to these witnesses and the collective." (*Id.*) (emphasis in original).

Plaintiffs' counsel's rationale for refusing to schedule the depositions of Plaintiffs McMurran and Lawson is unsupported for two reasons:

*First,* that the second phase discovery management order has yet to be entered does not preclude Love's from deposing two of the Named Plaintiffs in this case. While Your Honor stayed depositions on January 26, 2018 pending a decision on conditional certification (ECF 55), that decision was rendered nearly four months ago, on February 16, 2018 (ECF 68). Love's does not believe Plaintiffs should be permitted to continue to postpone depositions of the *Named Plaintiffs* more than one year into this case.

*Second,* as Love's previously advised Plaintiffs' counsel the last time a dispute arose concerning depositions (*see* ECF 57), Love's ability to proceed with Plaintiffs' depositions is not contingent on Love's document production. On the contrary, Love's had the right to notice Plaintiffs' depositions for any time after the Rule 26(f) conference on September 15, 2017.[1] *See* Fed. R. Civ. P. 26(d). If Love's so desired, it could have deposed Plaintiffs even before it served document requests on November 8, 2017. *See id.* Thus, opposing counsel's position that Love's cannot depose Plaintiffs until after Love's has served its discovery responses is unfounded.[2]

*Network Automatic, Inc. v. Hewlett-Packard Co.*, 2009 WL 10673331 (C.D. Cal. June 9, 2009), illustrates the point. In that case, the plaintiff justified its failure to appear for a noticed deposition by arguing the defendant violated "an agreement subordinating plaintiff's deposition to defendant's production of documents. . . ." *Id.* at *2. In

---

[1] Except between January 26, 2018 and February 16, 2018 when Your Honor stayed depositions in this matter. (*See* ECF 55.)

[2] Although it doesn't believe discovery is necessary prior to depositions, Love's notes that it *has produced* written discovery responses relating to Named Plaintiffs Lawson and McMurran.

Honorable Christopher C. Conner
June 21, 2018
Page 3

rejecting the plaintiff's argument, the court noted that there was no such agreement and then made the following observation:

> Nor does such an agreement subordinating Plaintiff's deposition to Defendant's production of documents make sense: presumably Plaintiff had a good faith basis for initiating the lawsuit, and Plaintiff's knowledge as a witness is not dependent upon what it can subsequently discover from Defendant's files. At oral argument, Plaintiff stated that it had been concerned about being ambushed at the deposition by Defendant's use of impeaching evidence it had not yet produced; but impeachment evidence is not a reason Plaintiff's designate could not have been examined as to his knowledge. In fact, the rules often treat impeachment evidence differently from other evidence; for example, impeachment evidence does not need to be disclosed in the initial disclosures, FED. R. CIV. P. 26(A)(1) nor in the pretrial disclosures in preparing a case for trial, FED. R. CIV. P. 26(A)(3). A concern about being "ambushed" through the use of documents which Defendant had, and which presumably did not come from Plaintiff originally (for then Plaintiff also would have had them), cannot justify a failure by a plaintiff to submit to his duly-noticed deposition.

*Id.* The court also reasoned that "the fact that [p]laintiff feels that it may have been wronged by Defendant's discovery practices . . . does not give justification for refusing to comply with" a deposition notice. *Id.* at *3.

Your Honor should reject Plaintiffs' arguments for delaying Plaintiff McMurran's and Plaintiff Lawson's depositions, adopt the reasoning in *Network Automatic,* and permit Love's to depose Named Plaintiffs McMurran and Lawson within thirty (30) days. Accordingly, Love's respectfully requests that Your Honor schedule a teleconference to discuss these issues.

Honorable Christopher C. Conner
June 21, 2018
Page 4


We thank Your Honor for your consideration of these matters.

Respectfully submitted,

Matthew J. Hank

MJH

cc:   Rachel Fendell Satinsky, Esq. (via email)
      Marc D. Esterow, Esq. (via email)
      David Senoff, Esq. (via email)
      Marc S. Hepworth, Esq. (via email)
      Charles Gershbaum, Esq. (via email)
      David A. Roth, Esq. (via email)
      Rebecca S. Predovan, Esq. (via email)
      Gregg I. Shavitz, Esq. (via email)
      Paolo C. Meireles, Esq. (via email)

# EXHIBIT A

| From: | Marc Hepworth |
|---|---|
| To: | Satinsky, Rachel F. |
| Cc: | Rebecca S. Predovan; Paolo Meireles (pmeireles@shavitzlaw.com); David Roth; Senoff, David; "Gregg Shavitz" (gshavitz@shavitzlaw.com); Charles Gershbaum; Flaherty, Clay; lpardell@shavitzlaw.com; Hank, Matthew J.; Esterow, Marc D. |
| Subject: | Re: Given-Plaintiff Depositions |
| Date: | Wednesday, April 25, 2018 8:42:58 PM |

To say you have been seeking deps for more than 4 months is very disingenuous. The court stayed all depositions pending the cert motion. Then upon cert being ordered the court noted:

The parties shall meet and confer and submit a proposed discovery management order on or before **Friday, June 1, 2018**. The court will schedule a telephonic conference call subsequent to receipt of the proposed discovery order.

As a result, upon the close of the optin period and the entering of the second phase order approved by the court and exchange of ESI and discovery for the named plaintiffs we will schedule deposition depositions. Assuming we reach an agreed upon second phase discovery plan that the Court orders we can seek to schedule the deps in possibly July or August. This will be of course contingent upon us receiving our discovery that we will be requesting.

Sent from my iPhone

On Apr 25, 2018, at 8:30 PM, Satinsky, Rachel F. <RSatinsky@littler.com> wrote:

Counsel,

We have been seeking to schedule the depositions of Plaintiffs Lawson and McMurran for over four months. Again, we ask that you please provide us with potential dates for their depositions. I will be in the office tomorrow if Rebecca, or anyone else, would like to give me a call to discuss scheduling.

Many thanks,
Rachel

**Rachel Fendell Satinsky, Attorney At Law**
267.402.3071 direct  267.285.2586 fax  RSatinsky@littler.com
Three Parkway, 1601 Cherry Street, Suite 1400 | Philadelphia, PA 19102-1321

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Satinsky, Rachel F.
**Sent:** Wednesday, April 18, 2018 8:39 PM
**To:** Rebecca S. Predovan (rpredovan@hgrlawyers.com); Paolo Meireles (pmeireles@shavitzlaw.com); Marc Hepworth (mhepworth@hgrlawyers.com); David Roth (droth@rothandrothlaw.com); 'Senoff, David'; 'Gregg Shavitz' (gshavitz@shavitzlaw.com); Charles Gershbaum (cgershbaum@hgrlawyers.com); 'Flaherty, Clay'; 'lpardell@shavitzlaw.com'
**Cc:** Hank, Matthew J.; Esterow, Marc D.

**Subject:** RE: Given-Plaintiff Depositions

Rebecca,

I reached out to you today in an attempt to schedule these depositions and left a voicemail message. Can you please give me a call? I will be in the office tomorrow (Thursday) and Friday.

Thank you,
Rachel

**Rachel Fendell Satinsky, Attorney At Law**
267.402.3071 direct  267.285.2566 fax  RSatinsky@littler.com
Three Parkway, 1601 Cherry Street, Suite 1400 | Philadelphia, PA 19102-1321

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Satinsky, Rachel F.
**Sent:** Tuesday, April 10, 2018 5:32 PM
**To:** Rebecca S. Predovan (rpredovan@hgrlawyers.com); Paolo Meireles (pmeireles@shavitzlaw.com); Marc Hepworth (mhepworth@hgrlawyers.com); David Roth (droth@rothandrothlaw.com); 'Senoff, David'; 'Gregg Shavitz' (gshavitz@shavitzlaw.com); Charles Gershbaum (cgershbaum@hgrlawyers.com); 'Flaherty, Clay'; 'lpardell@shavitzlaw.com'
**Cc:** Hank, Matthew J.; Esterow, Marc D.
**Subject:** Given-Plaintiff Depositions

Counsel,

Can you please provide us with potential dates for the depositions of Plaintiff Lawson and Plaintiff McMurran?

Thank you,
Rachel

**Rachel Fendell Satinsky, Attorney At Law**
267.402.3071 direct  267.285.2566 fax  RSatinsky@littler.com
Three Parkway, 1601 Cherry Street, Suite 1400 | Philadelphia, PA 19102-1321

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler
Global, which operates worldwide through a number of separate legal
entities. Please visit www.littler.com for more information.

# EXHIBIT B

| From: | Satinsky, Rachel F. |
|---|---|
| To: | Rebecca S. Predovan; Paolo Meireles; David Roth; David Senoff; Gregg Shavitz; Charles Gershbaum; Clay Flaherty; Logan Pardell; Marc Hepworth |
| Cc: | Hank, Matthew J. |
| Subject: | Given-Depositions of Lawson and McMurran |
| Date: | Monday, June 04, 2018 4:29:01 PM |

Counsel,

Please let us know if you and your clients, Mr. Lawson and Mr. McMurran, are available for their depositions on June 19, 20, 21, or 22? We would like to depose each witness separately, on back-to-back days.

Thank you,
Rachel

Rachel Fendell Satinsky, Attorney At Law
267.402.3071 direct   267.285.2566 fax   RSatinsky@littler.com<mailto:RSatinsky@littler.com>
Three Parkway, 1601 Cherry Street, Suite 1400 | Philadelphia, PA 19102-1321

[Littler]<http://www.littler.com/>   | littler.com<http://www.littler.com/>
Employment & Labor Law Solutions Worldwide

# EXHIBIT C

| From: | Paolo Meireles |
|---|---|
| To: | Satinsky, Rachel F. |
| Cc: | Marc Hepworth; David Roth; David Senoff; Gregg Shavitz; Charles Gershbaum; Clay Flaherty; Logan Pardell; Rebecca S. Predovan; Hank, Matthew J.; Escrow, Marc D. |
| Subject: | Re: Lawson and McMurran Depositions |
| Date: | Monday, June 11, 2018 9:20:24 PM |

Rachel,

That is incorrect. I stated on the call that discovery would be needed prior to depositions. I believe you stated you disagreed with that. But either way, we did assert it during the call. Thereafter, we said we would discuss the deposition issue with our team and get back to you—nothing more was said (how ever, if I'm not mistake, Marc sent you an email several weeks ago suggesting that we would likely be looking at August for depositions in consideration of the fact that the court was yet to enter a scheduling order, in due to counsel's schedule). In any event, let's attribute this to a simple lapse in your recollection. Regardless, discovery is currently closed until the court enters a scheduling order for the next phase of the case. We can discuss this further at that point.

Thanks,

Sent from my iPhone

On Jun 11, 2018, at 9:09 PM, Satinsky, Rachel F. <RSatinsky@littler.com> wrote:

Marc,

We respectfully disagree. We had a meet-and-confer conference with Rebecca and Paolo on May 31 and they made no mention of this issue. Please confirm that we understand your position: regardless of the dates we propose for the depositions of Lawson and McMurran, you will not produce them for depositions because you believe you are entitled to discovery for the whole collective prior to their (or any other depositions), including discovery that you've yet to issue. If that is your position, please let us know when later this week you are available for a meet-and-confer conference.

Also, to clarify, Matt, Marc, and I (all on this email) should be copied on all correspondence regarding this matter.

Thank you,
Rachel

**Rachel Fendell Satinsky,** Attorney At Law
267.402.3071 direct  267.285.2566 fax  RSatinsky@littler.com
Three Parkway, 1601 Cherry Street, Suite 1400 | Philadelphia, PA 19102-1321

<image002.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Marc Hepworth [mailto:mhepworth@hgrlawyers.com]
**Sent:** Monday, June 11, 2018 11:22 AM
**To:** Satinsky, Rachel F.; Paolo Meireles; David Roth; David Senoff; Gregg Shavitz; Charles Gershbaum; Clay Flaherty; Logan Pardell; Rebecca S. Predovan
**Cc:** Hank, Matthew J.; Esterow, Marc D.
**Subject:** RE: Lawson and McMurran Depositions

Even though we have said it before we will say it again so there is no confusion - WE ARE NOT PRODUCING THESE WITNESSES until the second phase order is issued by the judge AND discovery has been received as it pertains to these witnesses and the collective. At a minimum, ESI will need to be completed. RFPs and ROGS and possible other discovery demands as well will need to be exchanged. This email doesn't include all possible discovery and is being mentioned so there is no confusion. If there are other attorneys from your office who should be receiving this email please advise. If there are attorneys who are on vacation and have not received this email please advise.

Marc

**From:** Satinsky, Rachel F. <RSatinsky@littler.com>
**Sent:** Monday, June 11, 2018 11:12 AM
**To:** Paolo Meireles <pmeireles@shavitzlaw.com>; David Roth <droth@rothandrothlaw.com>; David Senoff <DSenoff@anapolweiss.com>; Gregg Shavitz <gshavitz@shavitzlaw.com>; Charles Gershbaum <cgershbaum@hgrlawyers.com>; Clay Flaherty <cflaherty@anapolweiss.com>; Logan Pardell <lpardell@shavitzlaw.com>; Rebecca S. Predovan <rpredovan@hgrlawyers.com>; Marc Hepworth <mhepworth@hgrlawyers.com>
**Cc:** Hank, Matthew J. <MHank@littler.com>; Esterow, Marc D. <MEsterow@littler.com>
**Subject:** Lawson and McMurran Depositions

Counsel,

To reiterate our request, can you please let us know if you and your clients, Mr. Lawson and Mr. McMurran, are available for their depositions on June 19, 20, 21, or 22? If we do not hear back from you by the close of business tomorrow, June 12, we will unilaterally notice their depositions.

Thank you,
Rachel

**Rachel Fendell Satinsky,** Attorney At Law
267.402.3071 direct  267.285.2566 fax  RSatinsky@littler.com

Three Parkway, 1601 Cherry Street, Suite 1400 | Philadelphia, PA 19102-1321

<image004.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com