# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTOPHER LAWSON, et al.,** | : | Civil No. 1:17-CV-1266 |
| **Plaintiffs,** | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **LOVE'S TRAVEL STOPS &** | : | |
| **COUNTRY STORES, INC.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

### I. Factual and Procedural Background

This case is a Fair Labor Standards Act (FLSA) collective action brought on behalf of current and former Operations Managers (OMs) employed at various Love's Travel Stops. (Doc. 1). The plaintiffs allege that they were misclassified as exempt managerial employees under the FLSA, 29 U.S.C. § 201, *et seq.*, and accordingly were not paid overtime as required by federal law. (Id.) On February 16, 2018, the court entered an order conditionally granting the plaintiffs' motion for class and collective certification in this case. (Doc. 68). Following the entry of this order, approximately 400 current and former Love's OMs opted into this conditionally certified class and the parties engaged in a course of reciprocal discovery involving the defendants and a selected group of discovery Opt-in plaintiffs.

This discovery process has been marked by many mutual disputes relating to a wide array of matters which have required the court's intervention. (Docs. 167-231). In order to provide focus, clarity, and finality to this process, on November 25, 2019, we entered an order directing the parties to provide us with a comprehensive and complete list of their discovery disputes by December 9, 2019. (Doc. 218). The parties have complied with this direction, providing us with correspondence outlining the remaining discovery disputes that divide these litigants. (Docs. 219-223).

Included among these disputes is a contest concerning the plaintiffs' request for access to certain potential defense witness personnel files. Specifically, the plaintiffs note that Love's initial Rule 26 disclosures identified some 66 individuals who may have information supporting its defenses to this FLSA action. According to the plaintiffs, "[t]o avoid trial by ambush," Love's should be required to produce the personnel files of these witnesses, as well as any relevant text messages and ESI pertaining to these individuals. (Doc. 220 at 6). Love's opposes this request for wholesale disclosure of potential witness personnel files, arguing that the plaintiffs have not made the requisite showing to justify this type of potentially intrusive discovery.

For the reasons set forth below, we agree and will deny this request for disclosure of personnel files.

## II. Discussion

### A. Guiding Principles.

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines

the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Thus, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Accordingly, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.' " Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

In the instant case, the plaintiffs seek disclosure of the personnel files of potential defenses witnesses, but do so without any specific, particularized offer of proof as to why they are entitled to the disclosure of personnel file information. In considering this request we are mindful of the fact that:

> [C]ourts have long recognized that:
>
>> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ...and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance.
>
> Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("personnel files are confidential and discovery should be limited.").

Cope v. Brosius, No. 4:12-CV-2382, 2016 WL 539142, at *2–3 (M.D. Pa. Feb. 11, 2016). Moreover:

> In considering [such] request[s], we begin with the proposition that a "request for personnel information implicates the strong public policy against disclosure of such materials. See, e.g., Adams v. Allstate Ins. Co., 189 F.R.D. 331, 333 (E.D.Pa. 1999) (finding requests for

personnel files of employees who worked on plaintiff's claim 'overbroad, and seek[ing] information that is unnecessarily invasive'); Stabilus v. Haynesworth, Baldwin, Johnson and Greaves, 144 F.R.D. 258, 266 (E.D.Pa. 1992) ('Defendant may not conduct general discovery into areas unrelated to its claims such as employee performance evaluations.'); see also Carlucci v. Maryland Casualty Co., 2000 WL 298925, at *2 (E.D.Pa. Mar.14, 2000) (referring to the 'heightened relevancy standard when requesting the performance evaluations'); Cantor v. Equitable Life Assur. Soc'y of the United States, 1998 WL 306208, at *3 (E.D.Pa. June 9, 1998); Kaufman v. Nationwide Mut. Ins. Co., 1997 WL 703175, at *1 (E.D.Pa. 1997); Closterman v. Liberty Mut. Ins. Co., 1995 WL 472105, at *2 (E.D.Pa. Aug. 9, 1995). Plaintiff will thus be held to a heightened standard in the context of these requests." Santer v. Teachers Ins. & Annuity Ass'n, No. CIV.A. 06–CV–1863, 2008 WL 755774, at *6 (E.D.Pa. Mar. 18, 2008).

Stephens v. State Farm Fire & Cas. Co., No. 1:14-CV-160, 2015 WL 1638516, at *5 (M.D. Pa. Apr. 13, 2015).

Applying these legal benchmarks in the instant case, we find that the plaintiffs have not made the showing of particularized need that would satisfy the heightened standard they face when demanding access to individual personnel files. Therefore, recognizing the strong public policy favoring protection of confidential personnel information from wholesale disclosure, we will decline the plaintiffs' invitation to compel disclosure of these files.

We also note that the plaintiffs appear to request that Love's identify which of these previously disclosed potential witnesses it may actually call at trial. We understand Love's Rule 26 initial disclosure of some 66 potential witnesses to have already been responsive to this request. Of course, if Love's identifies additional

potential witnesses beyond those previously listed in its Rule 26 disclosures, it should promptly identify those persons to the plaintiffs. However, given the fulsome nature of these disclosures, we would not require any further identification of potential witnesses at this time.

Finally, the plaintiffs have requested that Love's provide relevant ESI in its possession relating to these potential witnesses. While we agree that Love's should do so, as the parties know we have been tasked with providing general ESI guidance and parameters to the litigants in this case due to their inability to cooperatively develop a mutually agreeable ESI disclosure protocol. Unless there is some need for further instructions specific to the persons identified in Love's Rule 26 disclosure, the parties should be guided by our general instructions regarding ESI disclosure.

An appropriate order follows.


DATED: January 8, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTOPHER LAWSON, et al.,** | : | Civil No. 1:17-CV-1266 |
| **Plaintiffs,** | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LOVE'S TRAVEL STOPS &** | : | |
| **COUNTRY STORES, INC.,** | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 8th day of January 2020, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiffs' request for disclosure of the personnel files of those 66 potential witnesses identified in Love's initial disclosures is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge