IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
KRISTOPHER LAWSON, VINCENT :
MCCLEERY, and SEAN MCMURRAN, :
Individually and on Behalf : Civil Action No.: 17-cv-01266
of Other Persons Similarly Situated, :
 :
                Plaintiffs, :
 :
        -against- :
 :
LOVE'S TRAVEL STOPS & COUNTRY :
STORES, INC., :
 :
                Defendant. :
---------------------------------------------------------------X

## DECLARATION OF GREGG I. SHAVITZ IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

I, Gregg I. Shavitz, declare as follows:

1. I am a partner and founder of the Shavitz Law Group, P.A. ("SLG") in Boca Raton, Florida. SLG is an eight-attorney firm based in Boca Raton, Florida with an office in New York, New York, that focuses on representing workers as plaintiffs in employment-related matters, including claims based upon individual and class-wide violations of state and federal wage and hour laws. Along with lawyers from Hepworth Gershbaum & Roth PLLC ("HGR") and Anapol Weiss ("AW"), SLG serves as Plaintiffs' Counsel in this matter.

2. I have been one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the collective.

3. I make these statements based on personal knowledge and would so testify if called as a witness.

**Firm and Attorney Background**

4. I am a graduate of the University of Miami School of Law with an undergraduate degree from Tufts University.

5. I am an experienced trial attorney and member of the bar of the U.S. District Court for the Southern District of Florida and the Florida Bar since 1994, and am also admitted to U.S. District Courts for the Middle and Northern Districts of Florida, the United States Eleventh Circuit Court of Appeals, and United States Third Circuit Court of Appeals.

6. Additionally, I have lectured in the past at seminars sponsored by the Labor and Employment Section of the Florida Bar, and have spoken at the Labor and Employment Section Certification Review Seminar on two separate occasions as well as the Academy of Florida Trial Lawyers Workhorse Seminars. I have also been awarded Florida Trend Magazine's Legal Elite for various years including 2014 and 2015 in the area of Labor & Employment law; Florida Super Lawyers – Super Lawyer, Employment & Labor – 2013-2019; Top Lawyer Up and Comer – Wage and Hour law – 2004, 2006 and 2009; and South Florida Legal Guide – Top Lawyers List – 2009-2019, among other awards and honors. I have also earned the distinction of Top Lawyer in Palm Beach Illustrated (2011) and am a lifelong fellow of the Florida Bar Foundation.

7. I have held the highest AV Peer Review Rating from LexisNexis Martindale-Hubbell for preeminent attorneys from 2000 to the present.

8. My practice concentrates on representing plaintiffs in FLSA cases. Since the founding of SLG in 1999, the firm has represented employees in employment-related matters, including claims based upon individual and class-wide violations of state and federal wage and hour laws in Florida and across the United States.

9. Attorney Paolo C. Meireles became an Associate Attorney with SLG in 2012, and

became a Partner in January 2018. After receiving his Juris Doctor degree from Fordham University in 2010, he was admitted to the New Jersey and New York Bars in November 2010 and February 2011, respectively. Mr. Meireles relocated to Florida and became a member of the Florida Bar in September 2011. Mr. Meireles is also admitted to the Second Circuit Court of Appeals and the U.S. District Courts for the Southern District of Florida, the Middle District of Florida, the Northern District of Florida, the Northern District of New York, the Southern District of New York, the District of New Jersey, the Eastern District of Michigan, the Northern District of Ohio, and the District of Colorado.

10.  Attorney Christine M. Duignan has been an associate with SLG for over ten years. Ms. Duignan is an employment attorney with over 25 years' experience. Ms. Duignan provides litigation support in complex wage and hour actions arising under the Fair Labor Standards Act and Fed. R. Civ. P. Rule 23, in a variety of jurisdictions nationally. Ms. Duignan has been a member of the Florida Bar since 1991 when she received her Juris Doctor degree with high honors, from University of Florida. She is admitted to the Florida Bar, the U.S. District Court for the Southern District of Florida, the Eleventh Circuit Court of Appeals and the U.S. Supreme Court. Ms. Duignan did not appear of record in this case or appear at any hearings, depositions or other proceedings because she provided mostly research and drafting assistance based upon her extensive expertise.

11.  Attorney Logan A. Pardell became an Associate Attorney with SLG in 2017. Since joining SLG, Mr. Pardell has represented employees in in federal and state courts throughout the United States, primarily litigating complex wage and hour class and collective cases. After receiving his Juris Doctor and Masters and Business Administration degrees, *cum laude,* from the University of Florida in 2015, Mr. Pardell was admitted to the Florida Bar in

September 2015. Mr. Pardell is also admitted to the U.S. District Courts for the Southern District of Florida and the Middle District of Florida.

12. SLG has significant experience prosecuting wage and hour class and collective actions such as this one. In recent years, the firm has served or been appointed as class counsel or co-class counsel in the following cases, among others:

*Biscoe-Grey v. Sears Holding Corp.*, Case No. 09-81408-Civ-Marra / Johnson (S.D. Fla.)

*Cerrone v. KB Home Florida, LLC et al.*, Case No. 07-14402-Civ-Martinez (S.D. Fla.)

*Danley v. Office Depot, Inc., et al.*, Case No. 9:14-cv-81469-KAM (S.D. Fla)

*Ellerd v. County of Los Angeles,* Case No. CV05-1211 SVW (CWX) (C.D. Cal.)

*Fiore v. Goodyear Tire & Rubber Co.*, Case No. 2:09-CV-843-FtM-29SPC (M.D. Fla.)

*Heitzenrater, et al. v. Officemax, Inc., et al.,* No. 12 Civ. 900S (W.D.N.Y.)

*Hosier v. Mattress Firm, Inc.*, Case No. 3:10-cv-00294-TJC-JRK (M.D. Fla.)

*Lewis v. Iowa College Acq. Corp. & Kaplan Higher Educ. Corp.*, Case No. 08-61011-Civ-Jordan (S.D. Fla.)

*Mayfield v. Lennar Corp.*, Case No. 6:08-cv-426-Orl-31-DAB (M.D. Fla.)

*Nash v. CVS Caremark Corp.*, Case No. 09 Civ. 79 (D.R.I.)

*Patterson v. Palm Beach County School Board*, No. 07 Civ. 80240 (S.D. Fla.)

*Raley v. Kohl's Corporation, et al.*, Case No. 8:09-cv-2340 (M.D. Fla.)

*Robbins v. Abercrombie & Fitch Co.*, Case No. 15-cv-6187 (W.D.N.Y.)

*Roberts v. TJX Companies, Inc., et al.*, Case No. 13-cv-13142 (D. Mass)
*Romero v. Florida Power & Light Company*, Case No. 6:09-cv-1401-Orl-35-GJK (M.D. Fla.)

*Simpkins v. Pulte Home Corporation*, 6:08-cv-00130-PCF-DAB (M.D. Fla.)

*Snodgrass v. Bob Evans Farms, Inc.*, No. 12-cv-768 (S.D. Ohio)

*Stewart v. Prince Telecom, et al.*, Case No. 10-civ-4881 (S.D.N.Y.)

*Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 8230 (N.D. Ill.)

13. Given SLG's experience prosecuting and settling wage and hour collective

4

actions, I submit that both I and SLG are well-qualified to represent the interests of the collective in this matter.

14. Counsel's skill and experience were directly responsible for bringing about the positive settlement in the instant case.

**Time Spent on the Litigation**

15. SLG has represented the collective members in this litigation on a contingency basis. SLG has litigated this matter to date without payment of any legal fees and, along with co-counsel, has paid all costs and expenses on behalf of its clients and the collective members.

16. When SLG lawyers spend time on selected contingency matters, they do so at significant risk and opportunity cost for the firm.  SLG frequently turns away additional cases, including hourly litigation matters and other contingency matters, in order to enable its attorneys to work on pending contingency matters, primarily (though not exclusively) class or collective actions.

17. SLG has litigated and settled approximately 25 similar assistant-level retail manager misclassification cases and can fairly assess the risks and value of the claims in these cases as compared to other similar cases which the firm has settled.

18. SLG ordinarily and regularly bills legal time on an hourly fee basis by the tenth of an hour, based upon each attorney's standard hourly rate. In this matter, SLG expended 1,329.3 hours on this matter as of December 1, 2020

19. Currently, SLG's complex litigation rates range from $400 to $750 per hour for counsel, and $150 per hour for paralegals and legal assistants.  The rates and hours expended by each SLG attorney and paralegal in connection with the investigation and filing of the lawsuit, the work undertaken in conjunction with the discovery in the case and the work involved in

negotiating and effectuating the settlement, are listed below:

| Timekeeper | Hourly Rate | Hours | Totals |
|---|---|---|---|
| Gregg I. Shavitz, Esq. | 190.70 | 750.00 | $143,025.00 |
| Paolo C. Meireles, Esq. | 386.70 | 575.00 | $222,352.50 |
| Christine M. Duignan, Esq. | 112.80 | 650.00 | $73,320.00 |
| Logan A. Pardell, Esq. | 549.10 | 400.00 | $219,640.00 |
| Paralegals | 89.80 | 150.00 | $13,470.00 |
| **Total:** | | **1,329.3** | **$671,837.50** |

20.     The hours SLG incurred are in addition to the hours HGR and AW incurred in litigating this case.

21.     The hours reported are reasonable for a case of this complexity and size and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in the case.  Given these records reflect attorney-client privileged information, copies of records can be provided to the Court for *in camera* review, if requested.

22.     SLG expects to spend additional time (approximately 35 hours) on the administration of the settlement, discussing the settlement with the Plaintiffs and the collective members, and answering their questions, and coordinating the notice and claim form process with Defendant and the settlement administrator.

23.     Due to the experience of its attorneys in representing workers in litigation of this type, SLG is adept at minimizing duplication of efforts and maximizing billing judgment.  SLG makes every effort to have the work performed by the attorney or paralegal with the lowest hourly rate who is able to effectively perform each task.

**Costs Incurred in the Litigation**

24. In addition to its fees, SLG has incurred approximately $17,826.92 in out-of-pocket costs prosecuting this litigation, which were incidental and necessary to the representation of the class and which include investigation of Plaintiffs' claims and travel to and from out-of-state mediation.

25. SLG's actual, out-of-pocket costs incurred are summarized as follows:

| **Expense Category** | **Expenses Incurred** |
|---|---|
| Court filing fees (including *pro hac* fees): | $50.00 |
| Postage/Express Mail and Related Costs | $1,154.75 |
| Court reporter and transcripts: | $934.50 |
| Mediation fees: | $10,000.00 |
| Travel (depositions, hearings, etc.): | $5,085.73 |
| Lodging and hotels associated with litigation travel: | $601.94 |
| **Total:** | **$17,826.92** |

26. These expenses are in addition to the expenses HGR and AW incurred in litigating this case.

27. The expenses incurred in the prosecution of this case are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, receipts, and check records, and are accurate regarding all the expenses incurred. Copies of the expense documents can be provided to the Court if requested.

*   *   *

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: December 1, 2020

                                              Respectfully submitted,

                                              _____
                                              Gregg I. Shavitz